```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELWOOD F. MENEAR, and            :
MARJORIE MENEAR, h/w             :        CIVIL ACTION
                                 :
      Plaintiffs,                :        NO.  03-4756
                                 :
      v.                         :
                                 :
U.S. AIRWAYS, INC., and          :
TINA PERRY                       :
                                 :
      Defendants.                :
                                 :
```

**O R D E R**

AND NOW, this    day of October, 2003, upon consideration of Plaintiff's Motion for Remand (Doc. 3), Defendant's Response, and Plaintiff's Supplemental Pleading, it is hereby ORDERED that Plaintiff's Motion is GRANTED for the reasons set forth below.

**I.  Background**

This case arises, in part, from events that unfolded at an airline security checkpoint on January 13, 2002.  Plaintiff is a commercial airplane pilot employed by Defendant U.S. Airways, Inc.  Plaintiff was arrested when, angered at his treatment by airport security personnel, he stated that he could "take [a] plane down in his underwear" if he so desired.  The Plaintiffs brought their action for, amongst other things, negligence, malicious prosecution, and false imprisonment, in state court, where the Defendants removed pursuant to 28 U.S.C. § 1441.  The

1

Plaintiffs ask this Court for remand.  The Defendants argue that they belong in this Court on two grounds; first that the field of aviation security is completely preempted by federal law and second, that the claim arises out of a collective bargaining agreement giving this Court jurisdiction under the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

## II. Federal Preemption of Aviation Security

The well-pleaded complaint rule states, in essence, that a defendant may not remove to federal court a plaintiff's claims unless the claims present a federal question on their face.  The well-pleaded complaint rule does not apply in cases of "complete preemption."  The Third Circuit permits removal where (1) a federal statute has civil enforcement provisions "within the scope of which plaintiff's claims fall," and (2) there is a clear congressional intent to allow removal.  Goepel v. National Postal Mail Handlers Union, 36 F.3d 306, 311 (3d Cir. 1994).  Defendants cite Abdullah v. American Airlines, 181 F.3d 363 (3d Cir. 1999), which held that the field of aviation security is preempted by federal law.  Aviation security may be governed exclusively by federal law; this is a different issue, however, than whether state common law claims arising from the behavior of security personnel may be removed.  Even Abdullah notes that, at least so far as injuries on aircraft are concerned, "plaintiffs may recover damages under state and territorial remedial schemes."

<u>Id.</u> at 368.  In short, although the FAA may be a defense to some claims, and it may state the appropriate standard of care for others, it does not compel removal.

### III.  **The Railway Labor Act**

Defendants correctly observe that the RLA completely preempts issues relating to collective bargaining agreements between unions representing air carriers and their employees.  RLA preemption only occurs, however, when a claim requires interpretation of a collective bargaining agreement; the claims here do not meet this standard.  The mere fact that a collective bargaining agreement existed between the two parties is not enough to confer original jurisdiction on this Court - and it is certainly not enough to justify disturbing the Plaintiff's choice of forum.  The claims at bar appear to be grounded in tortuous misconduct - not contractual obligations.  Plaintiff's statement at the security checkpoint may have been ill-conceived, but it was not an "employment grievance" as the Defendants claim.  Moreover, Plaintiff's detention at the security checkpoint by Defendant and the Philadelphia Police was not a form of employee discipline.  The detention of Plaintiff may or may not have been justified by the circumstances - but the fact that he was a pilot who happened to work for the Defendant does not, by itself, bring his dispute into the purview of his collective bargaining agreement.  Thus, without more, the RLA cannot be invoked to

create jurisdiction in this case.

**IV.  Conclusion**

       For the reasons stated above, Plaintiffs' Motion to Remand is GRANTED.

       AND IT IS SO ORDERED.

                                      _____
                                      Clarence C. Newcomer, S.J.